IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CARL LEE BAILEY,
ADC #71207 PLAINTIFF

v. 5:08CV00205SWW/HLJ

MIKE BROCKMAN, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff is an inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC). By Order dated August 27, 2008, this Court granted his application to proceed in this 42 U.S.C. § 1983 action in forma pauperis, and directed him to file an amended complaint, clarifying several issues. Plaintiff has now submitted an amended complaint (DE #5).

According to plaintiff's original and amended complaints, an investigation was conducted by defendant Brockman after allegations against plaintiff were received over a rape hot line. Plaintiff further alleges that although the investigation did not result in any criminal charges filed against him, he ultimately was charged with several disciplinary violations based on defendant Brockman's report. Plaintiff alleges the disciplinary charges filed against him were false, and that he was denied due process and equal protection by defendants Drayer and Gibson when he was found guilty of them after the charges had expired. Plaintiff states defendants Toney, Norris, Erwin, White and Manus further denied his Constitutional rights by affirming his convictions on appeal and by finding his grievance to be without merit. Plaintiff asks for monetary relief and for restoration of 365 days of good time which were taken from him.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.C. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994). In Balisok, supra, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. Id., 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, supra, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the

conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, plaintiff is challenging both the disciplinary procedures and the results in his complaint. He specifically alleges that his due process rights were violated because the notice of the disciplinary extension he received was invalid, and therefore, the charges against him expired prior to the hearing. Furthermore, he alleges the disciplinary charges were based on false accusations set forth by defendant Brockman. Plaintiff also indicates he lost good time credits and asks for restoration of that lost time. The Court finds a challenge to both the results and procedures used in the disciplinary hearings would necessarily imply the invalidity of the those violations and resultant punishments.

In addition, it also has been held that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998). In this particular case, plaintiff states in his amended complaint that his disciplinary violation was upheld on appeal. Therefore, the Court finds that such an allegation can not form the basis of a § 1983 claim, and that any decision by this Court concerning the disciplinary violations would necessarily imply the invalidity of the disciplinary convictions. Therefore, the Court finds that plaintiff's complaint should be dismissed pursuant to Heck, Balisok, and Barker, supra, and that should his disciplinary convictions be invalidated by a state tribunal or federal court, he may reassert his claim for damages in a subsequent § 1983 action. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED without prejudice to plaintiff's right to reassert his claim should his disciplinary be invalidated by a state

tribunal or federal court.[1]

IT IS SO ORDERED this 24th day of September, 2008.

Henry L. Jones, Jr.
United States Magistrate Judge

---

1

The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).